UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE SHEET METAL WORKERS :
INTERNATIONAL ASSOCIATION LOCAL
UNION NO. 28 BENEFIT FUNDS,

                               Plaintiff,

       -against-

RAYMOND MARTIN, d/b/a RHB
INSTALLATIONS,

                               Defendant.
------------------------------------------------------------------X

13 Civ. 5604 (RMB) (SN)

**<u>DECISION & ORDER</u>**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/14

**I.   Background**

On July 31, 2014, the Trustees of the Sheet Metal Workers International Association Local Union No. 28 Benefit Funds ("Plaintiff") filed a Complaint against Raymond Martin, d/b/a RHB Installations ("Defendant") alleging violations of the Employment Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145 ("ERISA"), and the Labor Management Relations Act, 29 U.S.C. § 185 ("Taft–Hartley Act"). Plaintiff seeks to recover unpaid benefit fund contributions due under a collective bargaining agreement ("Agreement"), as well as interest, attorneys' fees, and court costs. (Compl., dated Aug. 9, 2013, ¶ 30.) On September 25, 2014, the Defendant having failed to respond to the Complaint, Plaintiff filed a motion for default judgment. (First Motion for Default J. as to Judgment and Damages, dated Sep. 25, 2014.)

On November 22, 2013, Defendant belatedly filed an Answer to the Complaint. (See Answer, dated Nov. 22, 2014.) Subsequently, however, Defendant failed to appear for a February 26, 2014 status conference and, on March 5, 2014, the Clerk of Court issued a

1

certificate of default against him. On March 19, 2014, the Court entered a default judgment against Defendant and referred the matter to Magistrate Judge Sarah Netburn for an inquest on damages. (See Default Judgment, dated March 19, 2014, at 1.) On April 14, 2014, Plaintiff submitted its Proposed Findings of Fact and Conclusions of Law, to which Defendant did not respond, despite being afforded notice.

On July 8, 2014, Judge Netburn issued a report and recommendation ("Report") finding that "[P]laintiff has provided a sufficient basis on which to award damages, but . . . [P]laintiff cannot recover for the period for which it now seeks damages but that was not identified in the [C]omplaint." (Report, dated July 8, 2014, at 1.) Judge Netburn recommended a total award of $89,284.07, representing (1) $78,160.72 in unpaid benefit fund contributions; (2) $13,893.35 in prejudgment interest; (3) $2,750 in attorneys' fees; and (4) $480 in costs. (Id. at 11.) The Report advised that "[t]he parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure." (Id.) To date, neither party has filed objections to the Report.

In an Order dated August 5, 2014, Judge Netburn "correct[ed] and amend[ed]" her Report, concluding that total award should be $83,025.46, representing (1) $66,604.33 in unpaid contributions; (2) $13,191.13 in prejudgment interest; (3) $2,750 in attorneys' fees; and (4) $480 in costs, (Order, dated August 5, 2014, at 1.) Neither party has objected to Judge Netburn's August 5, 2014 Order.

**For the reasons set forth below, the Court adopts Judge Netburn's Report, as corrected by the August 5, 2014 Order.**

2

## II. Legal Standard

The Court may adopt those portions of a magistrate judge's report to which no objections have been made and which are not clearly erroneous. See Fed. R. Civ. P. 72(b); DeLeon v. Strack, 234 F.3d 84, 86–87 (2d Cir.2000); Santana v. United States, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007). A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); DeLeon, 234 F.3d at 86–87.

## III. Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted.

Having conducted a review of the Report and applicable legal authorities, the Court finds that the Report, as corrected by the August 5, 2014 Order, is not clearly erroneous and, in fact, is in conformity with the law.

Although Plaintiff requested that Judge Netburn recommend an award of damages for the period of August 26, 2009 through August 25, 2010, Judge Netburn limited Plaintiff's recovery to the period specified in the Complaint—i.e., August 26, 2009 to April 21, 2010. (See Report, at 6–7; Compl., dated Aug. 9, 2013, ¶ 15.) The Court adopts this limitation because, as Judge Netburn correctly pointed out, Federal Rule of Civil Procedure 54(c) requires that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); see Silge v. Merz, 510 F.3d 157, 161 (2d Cir. 2007).

Judge Netburn calculated the sums owed to Plaintiff based upon an affidavit submitted by Plaintiff's Fund Administrator, Glenn Camisa, and Camisa's spreadsheets tracking unpaid contributions and interest during the relevant period. (See Report, at 6–10.) The Court has

reviewed Judge Netburn's calculation methodology, as reflected in the Report, and concludes that Judge Netburn's corrected award recommendation in the August 5, 2014 Order is not legally erroneous and is, in fact, correct.

While Defendant filed an answer to the Complaint on November 22, 2013, Defendant has not moved to set aside the default judgment or otherwise participated in these proceedings. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir.1993); Amalgamated Serv. & Allied Indus. Joint Bd. v. Supreme Hand Laundry, Inc., 182 F.R.D. 65, 67 (S.D.N.Y. 1998).

## IV. Conclusion and Order

For the reasons stated herein and therein, the Court adopts the Report in its entirety. The Clerk of the Court is respectfully requested to enter judgment in favor of Plaintiff in the total amount of $83,025.46, as follows: $66,604.33 in unpaid benefit fund contributions, $13,191.13 in prejudgment interest, $2,750 in attorneys' fees, and $480 in costs.

The Clerk is further directed to close this case.

Dated: New York, New York
September 24, 2014  RMB

_RMB_

**RICHARD M. BERMAN, U.S.D.J.**